TORBERT, Chief Justice
(concurring specially):
The only issue before this Court is whether the trial court erred in denying Appellants’ motion for a new trial. I concur with the decision of the majority that the trial court is due to be affirmed. However, I feel it appropriate to refer to certain additional facts from the record which the trial court could have considered in denying the motion for new trial after the forfeiture was made final.
In 1977, several of the bondsmen in this case signed bonds for Mack Kirby on at least five different criminal charges. All of the bonds were forfeited when Kirby failed to appear in court on the prescribed date. Additionally, there was evidence that Kirby attempted to excuse his absence in those prior cases by sending the court a note purporting to be a medical excuse.
Code of Alabama 1975, § 15-13-82(a), governs the proceedings to be conducted by the court in determining whether the conditional judgment should be made permanent. It is as follows:
“(a) If the defendants appear and show sufficient cause for their default on bail, to be determined by the court, the conditional payment must be set aside; but, if the excuse is not sufficient or if they fail to appear, such judgment must be made absolute for the entire sum expressed in the undertaking, or any portion thereof, according to the circumstances.”
Clearly the determination is within the discretion of the court.
In light of these facts, I agree the trial court did not abuse its discretion in denying Appellants’ motion for a new trial.
ALMON, J., concurs.